UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER M. SINGLETARY, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
|     v. | )    Civil Action No.  16-2534 (TSC) |
| | ) |
| | ) |
| MD CIRCUIT COURT, *et al*., | ) |
| | ) |
|        Respondents. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on the petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person In State Custody.  The petitioner identifies four purported respondents: "MD Circuit Court," "MD Federal District Court," "MD Bankruptcy Court," and "VA Claim ID #s1943."  Pet., ECF No. 1 at 1 (page numbers designated by ECF).  Based on the Court's review of the petition and its many unnumbered exhibits, it appears that the petitioner has initiated bankruptcy proceedings in the United States Bankruptcy Court for the District of Maryland, has initiated civil proceedings in the United States District Court for the District of Maryland, has faced foreclosure proceedings with respect to properties located in Prince George's County, Maryland, and has sought medical care from the Department of Veterans Affairs based on his prior military service.[1]  The petitioner demands "an email address to forward the court a full 193 page of the 198 month UCMJ 138 and continued hardship from the [] confinement [] JUDGEMENT, contact petitioner at EMAIL: tri7e@ yahoo.com," and the relief "described but not limited to page 6 of the 'government settlement agreement.'"  *Id*., ECF

---

[1]  The petitioner retired on March 29, 2007.  *See* Pet., Ex. (Certificate of Retirement), ECF No. 1 at 29 (page numbers designated by ECF); *see id*., Ex. (Certificate of Release or Discharge from Active Duty), ECF No. 1 at 30-31.

No. 1 at 15.  The settlement agreement to which the petitioner refers, *see id.*, ECF No. 1 at 32-36, appears to have been proposed – but not executed – in connection with a prior habeas action, *see Singletary v. Rose*, No. 14cv0527 (D.D.C. Dec. 5, 2005) (denying petition for lack of personal jurisdiction over proper respondent).  Page 6 of the settlement agreement appears to be the petitioner's handwritten demand for: return to active duty, reinstatement of his security clearance, military medical retirement at the rank of a Master Sergeant, payment of his attorney fees, a VA home loan sufficient to cover his outstanding mortgages, an award of $550,000 for pain and suffering, and removal of any negative information his military records.  *See* Pet., ECF No. 1 at 37.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Accordingly, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2254.  It does not appear that the petitioner is in custody.  Neither the allegations set forth in his petition nor requested relief are within the province of habeas.  The Court will deny the petition and dismiss this action.  A separate Order accompanies this Memorandum Opinion.

DATE:  January 12, 2017

/s/
TANYA S. CHUTKAN
United States District Judge